IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| R.M.B., by his next friends and parents, Robert Bruce Bays and Linda Markham Bays; | )<br>)<br>) |
| BAYS, ROBERT BRUCE; | )<br>) |
| and | )<br>) |
| BAYS, LINDA MARKHAM; | )<br>) |
| Plaintiffs | )<br>) |
| v. | ) Civil Action No. 6:15-cv-00004-NKM<br>) |
| WILSON, BRIAN; | )<br>) |
| DUIS, JR., DR. FREDERICK M. "MAC"; | )<br>) |
| and | )<br>) |
| CALOHAN, M.M.; | )<br>) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiffs R.M.B., by his next friends and parents, Robert Bruce Bays and Linda Markham Bays; Robert Bruce Bays and Linda Markham Bays move for judgment against defendants Brian Wilson, Dr. Frederick M. "Mac" Duis, Jr., and M.M. Calohan, and as grounds therefore state as follows:

**INTRODUCTION**

1. Defendant Wilson, an Assistant Principal at Bedford Middle School (BMS), accused Plaintiff R.M.B., a student at BMS, of possessing marijuana at school. Defendant Calohan, the school resource officer assigned to BMS, field-tested the purported marijuana. The results were negative. Nonetheless, Defendant Wilson pursued administrative discipline against

R.M.B. resulting a 364-day suspension, and Calohan, with Wilson's direction and encouragement, obtained a criminal charge accusing R.M.B. of Possession of Marijuana. R.M.B. and his parents learned of the negative field tests more than two months later when they appeared for trial of the criminal charge, which consequently was dismissed.

2. This is a suit seeking injunctive relief and compensatory and punitive damages to address:

   a. Violation of procedural due process rights guaranteed by the Constitution of the United States of America, as amended, and pursuant to 42 U.S.C. § 1983;

   b. Violation of substantive due process rights guaranteed by the Constitution of the United States of America, as amended, and pursuant to 42 U.S.C. § 1983; and

   c. Malicious prosecution.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

4. Venue is proper in the Western District of Virginia, Lynchburg Division pursuant to 28 U.S.C. § 1391(b)(1) and (2).

5. Plaintiffs respectfully request that the Court exercise supplemental jurisdiction over the state law claim.

## THE PARTIES

6. R.M.B. is an 11-year-old boy who lives in Bedford County, Virginia, and was enrolled as a student at BMS for the 2014-15 school year.

7. Robert Bruce Bays is R.M.B.'s father and his next friend. Mr. Bays is a retired schoolteacher.

8. Linda Markham Bays is R.M.B.'s mother and his next friend. Mrs. Bays is a schoolteacher employed by the Bedford County School Board.

9. Bedford Middle school is a public school of the Bedford County Public Schools operated by the Bedford County (Virginia) School Board (hereinafter "BCSB"), a governmental entity responsible for the provision of public education services to the citizens of Bedford County, Virginia.

10. Brian Wilson is Assistant Principal at MS for the Bedford County Public Schools.

11. Dr. Frederick M. "Mac" Duis, Jr., is the Chief Operations Officers for the Bedford County Public Schools, and who serves as an administrative hearing officer by designation of the superintendent of the Bedford County Public Schools.

12. M.M. Calohan is a law enforcement officer employed as a deputy of the Bedford County Sheriff, and assigned to BMS as a school resource officer.

**FACTS**

13. The foregoing paragraphs are adopted and re-alleged herein as if fully set forth.

14. R.M.B. is entitled to a free public education provided by the BCSB and/or the BCPS.

15. R.M.B. was enrolled as a student at BMS for the 2014-15 school year. He is a bright young man who tested into and received gifted education services, was a member of the BMS band and otherwise availed himself of the full panoply of opportunities available to students at BMS.

16. On or about September 22, 2014, R.M.B. was called into Defendant Wilson's office at BMS.

17. Wilson accused R.M.B. of being in possession of marijuana.

18. Wilson then searched R.M.B.'s backpack and found crumpled leaves.

19. Wilson believed the crumpled leaves were marijuana.

20. Wilson called upon Defendant Calohan, the BMS School Resource Officer, to further investigate R.M.B.'s alleged possession of marijuana.

21. Defendant Calohan tested the crumpled leaves to determine whether the leaves were marijuana.

22. Calohan's field test was negative for marijuana, as were two more field tests.

23. Wilson knew the field tests conducted by Calohan were negative for marijuana.

24. Neither Calohan nor any other defendant forwarded the leaves to the Virginia Department of Forensic Sciences for further testing.

25. Neither Calohan nor any other defendant conducted any further investigation of the allegations that R.M.B. possessed marijuana.

26. Despite the negative test results Wilson immediately suspended R.M.B. from BMS for 10 days and instituted administrative proceedings seeking either a 364-day suspension or expulsion of R.M.B. from the BCPS.

27. Despite the negative test results, with the advice, consent, urging and recommendation of Wilson, Calohan appeared before an Intake Officer of the Bedford County Juvenile & Domestic Relations District Court ("J&DR Court"), and stated under oath that R.M.B. had possessed marijuana, resulting in issuance of a Petition charging R.M.B. with Possession of Marijuana in violation of Virginia Code § 18.2-250.1, which punishes possession of marijuana by confinement in jail for up to 30 days and a fine of up to $500.

28. Defendant Duis conducted the administrative hearing on the issue whether R.M.B. would be suspended for 364 days or expelled from the BCPS.

29. At the hearing R.M.B.'s parents specifically and repeatedly asked Wilson the results of the field tests conducted by Calohan.

30. At the hearing and despite being aware of the negative field tests Wilson refused to testified that the results of Calohan's field tests were negative.

31. Duis did not force Wilson to testify to the field test results.

32. Neither Wilson nor any other defendant produced Calohan to testify at the administrative hearing.

33. No evidence was presented at the administrative hearing indicating that R.M.B. possessed marijuana.

34. Upon information and belief, Duis knew, from information received outside of the administrative hearing, prior to the administrative hearing that the field tests on the crumpled leaves were negative.

35. Despite no evidence having been offered that R.M.B. possessed marijuana and despite Duis's knowledge that Calohan's field tests were negative for marijuana, Duis suspended R.M.B. for 364 days from the BCPS.

36. As a consequence of Wilson's and Duis's actions R.M.B. has been denied a free public education.

37. The Bedford County J&DR Court scheduled R.M.B.'s trial on his charge of Possession of Marijuana for November 22, 2014.

38. R.M.B. and his parents retained and paid private counsel to represent R.M.B. on the charge.

39. When R.M.B., his parents and their counsel appeared for trial, approximately two months after the incident occurred, the prosecutor advised them that the field tests of the

crumpled leaves were negative for marijuana, and no other evidence existed that R.M.B. had possessed marijuana.

40. Therefore, the prosecutor moved the Court to dismiss the charge, and the Bedford County J&DR Court dismissed the Possession of Marijuana charge.

41. After learning that no evidence existed that R.M.B. possessed marijuana, R.M.B.'s parents notified Duis, BCSB and/or BCPS that no evidence existed that R.M.B. possessed marijuana and requested that Duis, BCSB and/or BCPS return R.M.B. to school.

42. Despite being advised that no evidence existed that R.M.B. possessed marijuana, Duis, BCSB and/or the BCPS refused to vacate the 365-day suspension and return R.M.B. to school.

43. Upon learning of the negative field test results R.M.B. and his parents were not able to avail themselves further of the administrative process with BCBS and/or BCPS due to deadlines imposed by the process that had long since passed: R.M.B. was denied a fair and appropriate administrative process due to Duis's and/or Wilson's withholding of exculpatory evidence from R.M.B. and his parents.

44. As a result of being denied a free public education R.M.B.'s parents are home schooling him, and in the course of home schooling R.M.B. Robert and Linda Bays have incurred costs, to include purchasing curriculum.

45. As a result of the defendants' actions as alleged herein, R.M.B. has experienced pain and suffering, anxiety, fear, depression and other emotional and mental health injuries, and he now fears and is suspicious of authority figures.

46. To address R.M.B.'s pain and suffering, anxiety, fear, depression and other emotional and mental health injuries, and fear and is suspicion of authority figures, Robert and

Linda Bays have obtained medical treatment and counseling services for R.M.B., and have incurred costs for said services.

## COUNT I
## PROCEDURAL DUE PROCESS VIOLATION
## AGAINST DEFENDANTS WILSON AND DUIS

47. The foregoing paragraphs are incorporated herein as if fully set forth.

48. R.M.B. has a property interest in receiving a free public education.

49. R.M.B. may not be denied a free public education without due process pursuant to the Fourteenth Amendment to the Constitution of the United States.

50. Defendant Wilson denied R.M.B. due process by instituting proceedings to suspend and/or expel R.M.B. with knowledge that no evidence existed that R.M.B. possessed marijuana, and by withholding from the administrative proceeding evidence of the negative field tests.

51. Defendant Duis denied R.M.B. due process by suspending R.M.B. for 364 days despite no evidence existing that R.M.B. possessed marijuana, and despite knowing that the field tests were negative for marijuana.

52. Defendants Wilson and Duis acted under color of state law.

53. Defendants Wilson's and Duis's actions deprived R.M.B. of a federally protected right.

54. As a direct and proximate result of defendants Wilson's and Duis's actions, R.M.B. has suffered and will continue to suffer loss of a property right in receipt of a free public education, and in the form of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

55. At all times material hereto, defendants Wilson and Duis denied R.M.B. due process, with malice or reckless indifference to his constitutionally-protected rights, and knew or should have known that their actions violated federal law, so as to support an award of liquidated and/or punitive damages.

WHEREFORE, R.M.B., by counsel, for violation of his constitutional rights, asks this Court to:

A. Declare that defendants Wilson's and Duis's actions violated the Constitution of the United States;

B. Grant him injunctive relief in the form of an order that the BCSB and/or BCPS return him to the BCPS as a student at Staunton River Middle School;

C. Award him compensatory damages in an amount to be determined by a jury against defendants Wilson and Duis, jointly and severally; and

D. Award him punitive damages in an amount to be determined by a jury against defendants Wilson and Duis, jointly and severally;

E. Award him his costs and attorney's fee incurred/expended herein; and

F. Award him such other relief as the Court may deem necessary and appropriate.

## COUNT II
## MALICIOUS PROSECUTION
## IN VIOLATION OF THE FOURTH AMENDMENT
## AGAINST DEFENDANT CALOHAN

**[OMITTED]**

## COUNT III
## MALICIOUS PROSECUTION
## AGAINST DEFENDANT CALOHAN AND WILSON

56. The foregoing paragraphs are incorporated herein as if fully set forth.

57. Wilson advised, directed, urged, suggested and/or encouraged Calohan to institute legal process against R.M.B. in the form of a Petition accusing R.M.B. of Possession of Marijuana: Wilson set afoot the criminal prosecution through his advising, urging, suggesting and/or encouraging Calohan to institute legal process against R.M.B.

58. Wilson lacked probable cause to advise, direct, urge, suggest and/or encourage Calohan to institute legal process against R.M.B.: no probable cause existed that R.M.B. possessed marijuana.

59. Calohan instituted legal process against R.M.B. in the form of a Petition accusing R.M.B. of Possession of Marijuana.

60. Calohan lacked probable cause to institute the legal process: no probable cause existed that R.M.B. possessed marijuana.

61. As a result of the legal process set afoot by Calohan and Wilson, R.M.B. was subjected to the jurisdiction of the Bedford County J&DR Court, and was at risk of being seized and imprisoned.

62. The Petition accusing R.M.B. of Possession of Marijuana was dismissed: the criminal proceeding terminated in R.M.B.'s favor.

63. Wilson and Calohan acted as alleged herein with malice.

64. As a direct and proximate result of Wilson's and Calohan's actions, R.M.B. has suffered and will continue to suffer emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

65. As a direct and proximate result of Wilson's and Calohan's actions, R.M.B. and Robert and Linda Bays have incurred costs to home school R.M.B., to obtain medical treatment and counseling services for R.M.B., and to obtain counsel to represent R.M.B. before the J&DR Court.

66. At all times material hereto, Wilson and Calohan maliciously prosecuted R.M.B. with malice or reckless disregard for the consequences of their actions to R.M.B., and knew or should have known of the unlawfulness of their actions, so as to support an award of liquidated and/or punitive damages.

WHEREFORE, R.M.B., by counsel, for violation of his constitutional rights, asks this Court to:

    A.    Award him compensatory damages in an amount to be determined by a jury against Wilson and Calohan;

    B.    Award him punitive damages in an amount to be determined by a jury against Wilson and Calohan;

    C.    Award him his costs incurred/expended herein; and

    D.    Award him such other relief as the Court may deem necessary and appropriate.

### COUNT IV
### REQUEST FOR INJUNCTIVE RELIEF
### AGAINST BCSB AND/OR BCPS

**[DISMISSED/MOOT]**

### COUNT V
### CLAIM FOR DAMAGES BY
### R.M.B. AND ROBERT BRUCE BAYS AND LINDA MARKHAM BAYS
### AGAINST ALL DEFENDANTS

67. The foregoing paragraphs are incorporated herein as if fully set forth.

68. As a result of the actions of Defendants, R.M.B. and Robert and Linda Bays have been force to incur expenses in the form of:

   a. Attorney's fees to represent R.M.B. in the criminal proceeding in Bedford County J&DR Court,

   b. Expenses to home school, R.M.B., and

   c. Counseling fees to obtain medical treatment and mental and emotional counseling for R.M.B.

WHEREFORE, R.M.B. and Robert and Linda Bays move for judgment against all Defendants for the expenses they have incurred as set forth herein.

### COUNT VI
### SUBSTANTIVE DUE PROCESS VIOLATION
### AGAINST DEFENDANTS CALOHAN AND WILSON

69. The foregoing paragraphs are incorporated herein as if fully set forth.

70. Substantive due process protects R.M.B. from arbitrary actions of government actors whose actions shock the conscience.

71. The actions of Calohan and Wilson alleged herein were arbitrary, if not contradictory to fair and reasonable action by government officials, and shock the conscience: Calohan and Wilson pursued criminal prosecution of R.M.B. with the full knowledge that R.M.B. did not commit the alleged offense, *i.e.,* possession of marijuana.

72. Calohan and Wilson were deliberately indifferent to the substantive due process rights of R.M.B. in that they hid and/or ignored exculpatory evidence indicating that the substance possessed by R.M.B. was not marijuana.

73. As a direct and proximate result of Defendnts' actions, R.M.B. has suffered and will continue to suffer loss in the form of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

74. At all times material hereto, defendants Wilson and Calohan deprived R.M.B. of substantive due process, with malice or reckless indifference to his constitutionally-protected rights, and knew or should have known that their actions violated federal law, so as to support an award of liquidated and/or punitive damages.

WHEREFORE, R.M.B., by counsel, for violation of his constitutional rights, asks this Court to:

G. Declare that defendants Wilson's and Calohan's actions violated the Constitution of the United States;

H. Award him compensatory damages in an amount to be determined by a jury against defendants Wilson and Calohan, jointly and severally; and

I. Award him punitive damages in an amount to be determined by a jury against defendants Wilson and Calohan, jointly and severally;

J. Award him his costs and attorney's fee incurred/expended herein; and

Award him such other relief as the Court may deem necessary and appropriate.

**DEMAND FOR JURY TRIAL**

TRIAL BY JURY IS DEMANDED.

RESPECTFULLY SUBMITTED,
R.M.B., by his next friends and parents,
Robert Bruce Bays and Linda Markham Bays;
BAYS, ROBERT BRUCE; and
BAYS, LINDA MARKHAM

*s/ Melvin E. Williams*
Of Counsel

Melvin E. Williams (VSB No. 43305)
  *mel@melwilliamslaw.com*
Micah D, Wright (VSB No. 88129)
  *micah@melwilliamslaw.com*
MEL WILLIAMS PLC
1320 Third Street, SW
Roanoke, Virginia 24016
540-266-7800
540-206-3857 *facsimile*
mel@melwilliamslaw.com
      Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

The foregoing First Amended Complaint was filed on May 8, 2015 using the Court's CM/ECF system, which will send electronic notification counsel of record.

                        *s/ Melvin E. Williams*
                        Of Counsel